UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMI L. BERNAL et al., on behalf
herself and others similarly
situated,

    Plaintiffs,

v.                                                  CASE NO. 1:08-CV-507

TRUEBLUE, INC., LABOR              HON. ROBERT HOLMES BELL
READY, INC., and LABOR
READY MIDWEST, INC.,

    Defendants.
_____/


**OPINION**

This is an action brought by fifty-eight former and current employees of Defendants Labor Ready, Inc., Labor Ready Midwest, Inc., and TrueBlue, Inc. (collectively "Labor Ready") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a)(1). On October 29, 2008, Plaintiffs filed a motion requesting that the Court facilitate notice of this action to several thousand additional potential plaintiffs. (Dkt. No. 21.) For the reasons that follow, this motion will be denied.

**I. Factual Background**

Labor Ready is a temporary employment service that provides human labor, or "employees," to businesses in need, or "customers." When an employee completes an

assignment at a customer's location, the customer indicates on the employee's "work ticket" the number of hours that the employee worked. The employee then returns the work ticket to a Labor Ready dispatch office to collect payment. Though Labor Ready always pays employees by check, Labor Ready allows TrueBlue Enterprises, Inc., a third-party not involved in this litigation, to maintain cash-dispensing machines (CDMs) at all Labor Ready dispatch offices. Employees that wish to use a CDM are given a voucher and a code and may enter the code into the CDM to receive cash equal to the amount of the paycheck rounded down to the nearest dollar and minus an additional dollar. For example, an employee with a $51.99 paycheck would receive $50.00 cash from a CDM. Plaintiffs argue that the CDMs impose a fee on Labor Ready employees that often causes them to receive an hourly rate of pay below minimum wage in violation of the FLSA. Plaintiffs wish to notify additional potential plaintiffs of this action, and ask the Court to order Labor Ready to disclose addresses, telephone numbers, social security numbers and birth dates of all individuals "employed at any of [Labor Ready's] Michigan offices from May 30, 2005 through September 30, 2006, who were paid by means of a cash dispensing machine." (Dkt. No. 29, at 8.) Plaintiffs previously asked Labor Ready directly to provide them with this information, but Labor Ready refused citing privacy concerns.

## II. Law

Section 216(b) of the FLSA provides:

> An Action [under § 206] may be maintained against any employer (including a public agency) in any Federal or State

2

> court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). A collective action under the FLSA differs from a traditional Rule 23 class action in two notable respects. First, unlike class actions under Rule 23, collective actions under the FLSA require putative class members to opt into the class. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009). Second, a FLSA collective action is not subject to the numerosity, commonality, typicality, and representativeness requirements of a traditional Rule 23 class action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009). The Court must, however, be satisfied that the plaintiffs in a FLSA collective action are "similarly situated." 29 U.S.C. § 216(b); *O'Brien*, 575 F.3d at 583.

The FLSA provides no guidance as to the meaning of the term "similarly situated," and the Sixth Circuit has declined "to create comprehensive criteria for informing the similarly-situated analysis." *O'Brien*, 575 F.3d at 585. Nevertheless, the Sixth Circuit has held that plaintiffs are similarly situated when their claims are "unified by common theories of defendants' statutory violations." *Id.* To support a finding that plaintiffs are similarly situated due to a "unified policy of violations," plaintiffs must present evidence, such as sworn allegations, that the defendant violated the FLSA in the same manner with respect to each plaintiff. *Id.* at 584-86 (placing significance on the plaintiffs' allegations and encouraging decertification "where a subset of the plaintiffs fail to allege violations of the

FLSA"). If the plaintiffs sufficiently allege that a defendant violated the FLSA in the same manner with respect to each of them, the plaintiffs are similarly situated even if the district court is required to undertake "individualized analyses" of the proofs supporting the allegations. *Id.* at 584.

While generally each plaintiff must present evidence, such as a sworn allegation, that he or she suffered from the defendant's allegedly illegal policy to become part of the similarly situated FLSA class, *see id.* at 586, courts have recognized that the full body of evidence may not be available to named plaintiffs before all class putative class members have received notice of the action, and that named plaintiffs often require the court's assistance in sending notice to putative class members. To solve this problem, courts have developed a two step approach to FLSA collective action certification. *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546 (6th Cir. 2006); *Jimenez v. Lakeside Pic-N-Pac*, L.L.C., 2007 WL 4454295, at *2 (W.D. Mich. Dec. 14, 2007). At step one, when an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a class at the early stages of discovery, before all plaintiffs have received notice, based on representations contained in the pleadings and affidavits of named plaintiffs that the defendant employs a unified policy that has resulted in FLSA violations to all putative class members. *See O'Brien*, 575 F.3d at 585-86 (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, 959, 961 (W.D. Mich. 2009) (Bell, J.) (noting that

4

there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties). If a court decides to conditionally certify a class, it may then facilitate notice to all putative class members. *Gayle v. United States*, 85 Fed. Cl. 72, 77 (Fed. Cl. 2008) ("If a plaintiff is able to satisfy the first step, the collective action will be conditionally certified and notice may be sent to potential collective action plaintiffs."). Step two occurs after the putative class has been notified and discovery is complete. At step two, the plaintiffs cannot rest on the pleadings and affidavits of named plaintiffs, but must present sufficient evidence indicating that each plaintiff suffered from the defendant's unified illegal policy, such as a sworn allegation from each individual plaintiff. *See O'Brien*, 575 F.3d at 586. If some members of the conditionally certified class fail to allege or present evidence that they suffered from the defendant's unified and allegedly illegal policy, the court should partially decertify the class to exclude those members, or, if partial decertification is not possible, the court should decertify the entire class. *Id.*

### III. Analysis

Though limited discovery occurred prior to the filing of this motion, this matter is still at the early stages of discovery, and not all putative class members have been notified or given an opportunity to opt in. In other words, this matter is currently at step one of the certification process. Plaintiffs' request that the Court facilitate notice to similarly situated individuals is essentially a request that the Court conditionally certify the class proposed by

5

Plaintiffs. Conditional certification is appropriate if the pleadings and affidavits of the named Plaintiffs allege that Labor Ready employs a unified policy that has resulted in FLSA violations to each member of the putative class. *See O'Brien*, 575 F.3d at 585-86; *Pacheco*, 671 F. Supp. 2d at 959, 961.

Plaintiffs wish to certify a class of all individuals employed by Labor Ready between May 30, 2005, and September 30, 2006, who used the CDM to receive pay. (Dkt. No. 21, Ex. A; Dkt. No. 22, at 8.) Plaintiffs sufficiently allege that Labor Ready employed a unified policy — payment by means of a CDM — that applied to all members of the purported class. However, the pleadings and affidavits from named Plaintiffs Gaytha Gibbs, Ronald E. Kidd, James C. Thomas, and Christopher Kidd,[1] taken together, fail to allege that this unified policy resulted in FLSA violations to each member of the putative class. The complaint alleges that "[d]uring the FLSA Period, the 'Voucher System' resulted in payment of wages below the FSLA minimum wage *on any day on which the deduction of charge for the voucher system reduced the wage paid to the Plaintiff of a wage less than [minimum wage]*." (Dkt. No. 70, Third Am. Compl. ¶ 16 (emphasis added).) The complaint also states that the CDMs result in a violation of the FLSA, but only "*when the deduction causes the wages to be paid to an employee to be less than the FLSA minimum wage*." (*Id.* at ¶ 12 (emphasis added).) Thus, even Plaintiffs acknowledge that, when the fee imposed by the CDM does *not* reduce an employee's pay to below minimum wage, use of the CDM does not result in a FLSA

---

[1] Plaintiffs filed a motion to withdraw these declarations, which the Court denied on April 21, 2010. (Dkt. No. 83.)

violation. Nevertheless, at no point do Plaintiffs allege that every individual employed by Labor Ready between May 30, 2005, and September 30, 2006, who used the CDM to receive pay — i.e., the purported class — earned a rate of pay on the date that he or she used the CDM that was low enough to reduce his or her wage to below the minimum. The affidavits of named Plaintiffs Gibbs, Ronald Kidd, Thomas, and Christopher Kidd can arguably be read to allege that they themselves earned a rate of pay on the dates they used the CDM that was low enough to reduce their wage to below the minimum on those days (Dkt. No. 22, Exs. A-D),[2] but none of these Plaintiffs allege the same for any other members of the purported class, and the complaint itself does not contain such an allegation. Plaintiffs ask the Court to conditionally certify a class of, and facilitate notice to, thousands of individuals who used CDM machines, without even *alleging* that all of those individuals were ever victims of a FSLA violation. Even under the lenient standard allowing for conditional certification on the pleadings and affidavits of named plaintiffs alone, conditional certification is not appropriate.

## IV. Conclusion

At the early stages of discovery, before all putative class members have been given

---

[2] However, even these affidavits do not clearly allege that the affiant received a low enough rate of pay on the days the affiant used the CDM for a FLSA violation to result. The affidavits merely state that often, but not always, the affiant used the CDM, and often, but not always, the affiant was paid minimum wage. (Dkt. No. 22, Exs. A-D.) Thus, even these affidavits leave open the possibility that the days on which the affiant used the CDM were the days on which the affiant was paid sufficiently above minimum wage that no FLSA violation resulted even after the CDM fee was imposed.

an opportunity to opt in, the decision to conditionally certify a class is made "using a fairly lenient standard." *Jimenez*, 2007 WL 4454295, at *2. Where, as here, a collective action under the FSLA is based on a common theory of an employer's statutory violations, the plaintiffs are entitled to conditional certification as long as the pleadings and affidavits of the named plaintiffs allege that the defendant employs a unified policy that resulted in FLSA violations to all putative class members. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583-86 (6th Cir. 2009). Though the pleadings and affidavits have alleged that Labor Ready employs a unified policy (use of CDM machines), Plaintiffs have not alleged that this unified policy has resulted in FLSA violations to all the putative class members, because Plaintiffs have not alleged that all the putative class members ever received a rate of pay low enough for a FLSA violation to occur. Plaintiffs' request for conditional certification and notice must be denied. An order consistent with this opinion shall be entered.

Dated: May 19, 2010                          /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE